979 F.2d 856
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles SPENCER, Plaintiff-Appellee,
v.
Audrey Royall BACKUS, Et. Al., Defendant-Appellant.
 No. 91-55893.
 United States Court of Appeals, Ninth Circuit.
 Nov. 16, 1992.
 
 1
 Before O'SCANNLAIN and RYMER, Circuit Judges, and THOMAS S. ZILLY, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Charles Spencer, a real estate broker, brought an action against Audrey Backus ("Mrs. Backus") for breach of contract and fraud, and against her husband Clinton Backus ("Mr. Backus") for conspiracy to defraud. After a two day non-jury trial, the District court, Consuelo Marshall presiding, entered judgment in favor of Spencer against Mrs. Backus for $105,600 in actual damages and $10,000 in exemplary damages, plus interest and costs. ER 10-11. The claim against Mr. Backus was dismissed.
 
 
 4
 Mrs. Backus now appeals on grounds that the District Court's findings of fact that plaintiff met the conditions precedent in the contract, and Mrs. Backus engaged in fraudulent behavior, are clearly erroneous. We affirm.
 
 FACTS
 
 5
 On July 7, 1983, Spencer and Mrs. Backus entered into an Agreement regarding 72 acres of land in Scottsdale, Arizona owned by Mrs. Backus. The land consisted of a 66 acre parcel on the east side of the Central Arizona Project Canal, and a 6.026 acre parcel on the west side of the canal. Finding of Fact No. 5, ER 6. Under the Agreement, Spencer agreed to use "all best and diligent efforts" to have the property rezoned to a classification which would enhance its value. ER 13, p 1. All costs and expenses in the rezoning effort up to $50,000 were to be borne by Spencer. ER 13, p 1.
 
 
 6
 The Agreement provided at paragraph 4 that, "[a]s compensation for Spencer's successful efforts in obtaining a change of zoning approved in writing by Owner, Spencer shall be entitled to a commission equal to ten percent (10%) of the gross selling price of the Subject Property, if the property is sold during the five-year period from the date of this Agreement...." ER 14. If the property was not sold, the Agreement provided for an alternative form of compensation:
 
 
 7
 In the event that Spencer has procurred [sic] a bona fide written offer and has presented it to Owner for approval during the five-year period from the date of this Agreement, but Owner has rejected such offer and the property remains unsold at the expiration of the five-year period, then Owner shall pay to Spencer a commission equal to ten percent (10%) of the gross selling price that would have been obtained for the sale of the Subject Property pursuant to such bona fide written offer at the rate that the sales proceeds would have been received by Owner pursuant to the terms of such bona fide written offer.
 
 
 8
 ER 14, p 4. A bona fide written offer is defined in the Agreement as an offer in writing providing for a cash down payment of not less than 25% and requiring total payment of the deferred portion within ten years at an interest rate of not less than 10%. ER 14, p 4. The offer also had to exceed the minimum per acre sales prices set forth in the Agreement. ER 14, p 4.
 
 
 9
 Spencer accomplished the requisite rezoning. Finding of Fact No. 7, ER 7. Subsequently, the 66 acre parcel was sold in January 1985. The 6.026 acre parcel was not sold during the five year period. Finding of Fact No. 11, ER 8. The District Court, however, found that the third offer made by Jerome Teske in 1987 on the 6.026 acre parcel fulfilled the terms of the Agreement and entitled Spencer to compensation:
 
 
 10
 Within the five (5) year term of the Agreement, during 1987, Spencer obtained a bona fide written offer for the 6.026 acres for $1,056,000.00, or $175,240.62 per acre ("the Offer"), on terms consistent with those set forth in the Agreement, Mrs. Backus did not respond within a reasonable time to the Offer, and the 6.026 acres remained unsold on July 7, 1988, the expiration of the five (5) year term of the Agreement.
 
 
 11
 Finding of Fact No. 12, ER 8. The Court found that Mrs. Backus "rejected the offer." Finding of Fact No. 15, ER 9. The District Court also found that Mrs. Backus defrauded Spencer:
 
 
 12
 Mrs. Backus defrauded Spencer in that she represented to him at and prior to the execution of the Agreement and throughout the five (5) year term thereof, that she would compensate him as provided in the Agreement if he obtained the Offer, she intended Spencer to believe and rely upon such representations, he did believe and rely thereon in obtaining the Offer, Mrs. Backus never intended to compensate Spencer, as provided in the Agreement, or otherwise, for obtaining the Offer, but intended to retain the 6.026 acres and either develop it herself and with her husband, defendant CLINTON BACKUS ("Mr. Backus"), or sell the 6.026 acres after the Agreement expired for a sum greater than she would net from the Offer, without compensating Spencer as provided in the Agreement, or at all.
 
 
 13
 Finding of Fact No. 17, ER 9-10.
 
 
 14
 Appellant argues that Finding of Fact No. 12 is clearly erroneous because Spencer did not obtain the Teske offers. Appellant also argues that the finding is inadequate to support a judgment in favor of Spencer because there is no specific finding that Spencer procured the offer and presented it to Mrs. Backus. Secondly, appellant argues that Finding No. 9 is clearly erroneous. The Court found that Mrs. Backus promised to pay Spencer compensation "if there were presented to her a 'bona fide written offer' within the five (5) year period of the contract." Finding of Fact No. 9, ER 7-8. Appellant argues that Mrs. Backus only promised to pay compensation if Spencer procured and presented a bona fide offer. Thirdly, appellant argues that there should have been a finding that the offer was withdrawn. Finally, appellant argues that Finding No. 17 is clearly erroneous and is not supported by substantial evidence.
 
 JURISDICTION
 
 15
 The United States District Court had jurisdiction of the matter by reason of diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. This appeal is from a final judgment entered by the United States District Court against Audrey Backus.
 
 STANDARD OF REVIEW
 
 16
 The factual findings upon which the district court bases its conclusions of law shall be upheld unless clearly erroneous. People of the Territory of Guam v. Ichiyasu, 838 F.2d 353, 355 (9th Cir.1988); Fed.R.Civ.P. 52(a). A finding of fact is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Miller v. United States, 587 F.2d 991, 994 (9th Cir.1978) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).
 
 
 17
 The interpretation of a contract is a mixed question of law and fact.
 
 
 18
 When the district court's decision is based on an analysis of the contractual language and an application of the principles of contract interpretation, that decision is a matter of law and reviewable de novo. When the inquiry focuses on extrinsic evidence of related facts, however, the trial court's conclusions will not be reversed unless they are clearly erroneous.
 
 
 19
 Miller v. Safeco Title Ins. Co., 758 F.2d 364, 367 (9th Cir.1985).
 
 DISCUSSION
 A. Finding of Fact No. 12
 
 20
 Appellant argues that the district court's finding that Spencer obtained the Teske offer is clearly erroneous. Furthermore, appellant argues that, even if true, this finding is inadequate to support the conclusion of law that Spencer is entitled to compensation under the Agreement because the district court did not recognize the distinction between "obtaining" and "procuring," and there was no finding that Spencer presented the offer as the Agreement requires.
 
 
 21
 Appellants arguments are unconvincing. The Findings of Fact indicate that the district court used the word "obtain" as a synonym for "procure." In Finding of Fact No. 8, the District Court noted that under the Agreement, "Spencer would be compensated ... for procuring a bona fide written offer for purchase...." ER 7. In Finding of Fact No. 12, the Court then states that a bona fide written offer was obtained within the terms of the Agreement. ER 8. The use of these words interchangeably is consistent with Black's Law Dictionary, which lists "to procure" as one definition of "obtain." Black's Law Dictionary at 1078 (6th ed. 1990).
 
 
 22
 Both parties rely on the definition of "procure" set forth in Rose v. Hunter, 155 Cal.App.2d 319, 317 P.2d 1027 (1957).[1]
 
 
 23
 " 'Procuring cause' has been defined as the cause originating a series of events that, without break in their continuity, result in the accomplishment of the prime object of the employment." 9 Cal.Jur.2d Brokers, § 80, pp. 242-243. "Where several agencies have been active in bringing about a sale * * * the crucial question is, which was the predominating efficient cause?" [citation omitted] ... The originating cause, which ultimately led to the conclusion of the transaction, is held to be the procuring cause.
 
 
 24
 Rose v. Hunter, 317 P.2d at 1030.
 
 
 25
 It is undisputed in this case that two agents were involved in bringing about the sale: Spencer, and a broker named Douglas Finney. The question, therefore, is which was the predominating efficient cause. There is substantial evidence in the record to support the finding that Spencer was the predominating efficient cause. He rezoned the property, made improvements, and marketed the property to make it attractive to potential purchasers. R.T. 3/12, Vol. I, p. 81. He called on about fifty investors, syndicators and home and apartment builders whom he knew, and on commercial real estate brokers. Id. He also posted numerous large painted signs, made up distribution packages, and advertised in newspapers. Id. at p. 82.
 
 
 26
 The record indicates that in early 1986, a broker named Douglas Finney ("Finney") contacted Spencer about a buyer for Mrs. Backus' 6.026 acres named Martin. R.T. 3/12, Vol. I, p. 124-125. Finney and Spencer personally met and established a working relationship regarding Mrs. Backus' 6.026 acres. R.T. 3/13, Vol. I, p. 61-64; R.T. 3/12, Vol. I, p. 126. The two agreed on a commission split, and periodically met for strategy sessions. R.T. 3/12, Vol. I, pp. 126-127. The two worked on the Martin deal for several months, but it ultimately fell through. R.T. 3/13, Vol. I, pp. 74-75.
 
 
 27
 A broker named Hill then contacted Finney about a client named Teske who was interested in acquiring multi-family property. Finney told Hill about the available property, and that he worked with Spencer. R.T. 3/13, Vol. I, pp. 74-75. Spencer and Finney worked together on the Teske offer, and on April 28, 1987, Hill delivered an offer from Teske to Finney, who sent copies to Mrs. Backus and Spencer. R.T. 3/13, Vol. I, pp. 76-77. Between April 28th and May 28th, 1987, Spencer called Mrs. Backus three times and Mr. Backus twice to discuss the offer. R.T. 3/12, Vol. II, p. 133. Mrs. Backus insisted on an all cash deal. Teske countered with a second offer increasing the purchase price and the size of the down payment. Exhibit 37-2. The Backuses continued to insist on cash. Finally, on July 1, 1987, Teske made a third offer increasing the interest rate on the portion to be deferred. The District Court found that this third offer constituted a bona fide offer within the meaning of the Agreement.
 
 
 28
 The District Court's finding of fact that Spencer procured the bona fide offer is not clearly erroneous. The evidence indicates that both Finney and Spencer played important roles in procuring the bona fide offer. However, it was Spencer who rezoned the property, made improvements, marketed the property, and worked with Finney to successfully negotiate a bona fide offer. There is substantial evidence in the record to support the trial court's finding that Spencer procured the bona fide offer.
 
 
 29
 Appellant also argues that Finding of Fact No. 12 is inadequate to establish breach of contract because there is no indication that Spencer presented the offer as required by the Agreement. Furthermore, appellant argues that even if such a finding were made, it would be clearly erroneous.
 
 
 30
 The District Court found that, "Spencer throughout the term of the Agreement fully and properly performed and discharged all of his obligations and duties under the Agreement...." Finding of Fact No. 19, ER 10. This finding encompasses a determination that Spencer presented the bona fide offer in accordance with the Agreement. This finding is not clearly erroneous. The record indicates that Spencer and Finney presented the offer to Mrs. Backus as part of a joint effort. In addition, Spencer called Mr. and Mrs. Backus several times to explain the offer. These facts are sufficient to support a finding that Spencer presented a bona fide written offer. The fact that Finney physically mailed the offer is not dispositive.
 
 B. Finding of Fact No. 9
 
 31
 Appellant argues that Finding of Fact No. 9 is meaningless and clearly erroneous because it does not specify that the Agreement required Spencer to present the bona fide offer. This position is without merit. Finding of Fact No. 9 is not meaningless when considered in conjunction with Finding of Fact No. 19 which provides that Spencer "fully and properly performed" his obligations under the Agreement. ER 10. As discussed above, there is substantial evidence to support this finding.
 
 C. Withdrawal of the Offer
 
 32
 Appellant argues that there was no bona fide offer because it was withdrawn. The trial court, however, found that Mrs. Backus "did not respond within a reasonable time to the Offer," and thereby rejected it. Finding of Fact Nos. 12, 15, ER 8-9. There is substantial evidence in the record which supports these findings of the District Court. Mrs. Backus refused the first offer and demanded that the deal be cash. A second offer was made which increased the down payment to thirty percent and raised the overall purchase price. When Mrs. Backus continued to insist on all cash, a third offer was made on July 1, 1987 which increased the interest rate on the deferred portion to ten percent. Mrs. Backus again insisted on all cash. R.T. 3/12, Vol. II, pp. 139-140. When Mrs. Backus took no action on the offer for over three weeks, Teske sent a letter stating he was withdrawing his offer. Teske Letter, July 27, 1987, Exhibit 43. This evidence is sufficient to support a finding that a bona fide offer was made within the terms of the Agreement.
 
 D. Finding of Fact No. 17
 
 33
 The District Court found that "Mrs. Backus never intended to compensate Spencer, as provided in the Agreement, or otherwise, for obtaining the Offer...." Finding of Fact No. 17, ER 9. There is evidence in the record that Mrs. Backus refused to pay a fee to Spencer on the sale of the 66 acres, and forced Spencer to accept a reduced commission from the purchaser. 3/12, Vol. I, pp. 107-111, Brief of Appellee, p. 11. There is also evidence that Mrs. Backus refused to acknowledge Spencer's successful efforts to rezone the property. D-5, pp. 34-35, Brief of Appellee, p. 38. The evidence in the record of Mrs. Backus' contentious behavior is sufficient to support a finding that she had no intention of paying Spencer a commission in accordance with the Agreement. The finding of the District Court is not clearly erroneous.
 
 
 34
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Paragraph 12 of the Agreement provides that the Agreement shall be governed by the laws of the State of California. ER 16